UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Anthony Hawkins, | ) C/A No. 2:12-3502-JFA-BHH |
| Plaintiff, | ) ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) Partial Summary Dismissal |
| Turbeville Correctional Institution; A. Warden Cothran; Investigator Carter; Allendale Correctional Institution; Jasper Woods; Lee Correctional Institution; Officer McDowell; Major Chavoila; and Warden Knowlin, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff, Robert Anthony Hawkins, ("Plaintiff"), a state prisoner in the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC") in Bishopville, South Carolina, files this action against Defendants, pursuant to 42 U.S.C. § 1983, seeking monetary damages and injunctive relief.[1] Plaintiff is proceeding *pro se* and *in forma pauperis*, pursuant to 28 U.S.C. §§ 1915 and 1915A. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed Plaintiff's Amended

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Complaint with Motion for Preliminary Injunction, ECF No. 1, in accordance with applicable law, the undersigned recommends that the Amended Complaint be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Turbeville Correctional Institution ("TCI"), Allendale Correctional Institution ("ACI"), LCI, and Jasper Woods. The undersigned further recommends that Plaintiff's Motion for Preliminary Injunction be denied, and that the Amended Complaint with Motion for Preliminary Injunction be served only upon Defendants A. Warden Cothran, Investigator Carter, Officer McDowell, Major Chavoila, and Warden Knowlin.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

On December 12, 2012, Plaintiff filed a two-page letter in this Court which was docketed as the original Complaint, ECF No. 1, in this case. Plaintiff's letter was captioned with the reference "RE: Temporary Restraining Order and or a Preliminary Injunction." *See* ECF No. 1, p. 1. In his letter, Plaintiff alleges that, on January 6, 2012 while incarcerated in TCI, Plaintiff was assaulted by a group of 8-10 black inmates and beaten badly, which left Plaintiff "severely physically and emotionally injur[]ed." *Id.* Plaintiff alleges that he was transferred from TCI on January 26, 2012; first, to ACI, then on April 4, 2012, to LCI, where Plaintiff is currently incarcerated. *Id.* Plaintiff alleges:

> I feel like my life is in danger here at Lee County. I need help. I'm in lock-up right now with a inmate in my room now that is (STG). I've had to fight other guys here in lock-up. I tell my (counselor) mental health counselor that I don't want to be in cell with no black guys period. But he is making me out to be problem. He's a black man. I told him that you mean to tell me when 8-10 guys jump you and no one is charged that it's ok. He keeps trying to justify that. I don't even know my max-out date. I'm suppose to go home in a few months. I'm not sure of this, I'm on lock-up and I'm getting death threats, bodily harm threats. I need help.

ECF No. 1, p. 2. By Order dated January 22, 2013, ECF No. 6, Plaintiff's request for injunctive relief in his letter was construed as a Motion for Preliminary Injunction under Rule 65(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and was docketed together with Plaintiff's original Complaint and designated as Plaintiff's "Motion for Preliminary Injunction with Complaint." *See* ECF Nos. 1, 8. Plaintiff's "Motion for Preliminary Injunction with Complaint" was construed to name the following Defendants: TC I, Warden Cothran, Investigator Carter, ACI, Jasper Woods, and LCI.

This Court's Order of January 22, 2013, ECF No. 6, allowed Plaintiff a specific time frame in which to bring this case into proper form by: (1) either paying the filing fee or submitting a Motion for Leave to Proceed *in forma pauperis*; (2) submitting proposed

service documents for Defendants; and (3) submitting a completed and signed state prisoner complaint form, briefly stating the facts of Plaintiff's claim and the relief requested. In order to preserve the issues raised in this case and to give liberal construction to the pleadings, the state prisoner complaint form that Plaintiff was directed to submit was ordered to be filed as an attachment to Plaintiff's original "Motion for Preliminary Injunction with Complaint" at ECF No. 1. Plaintiff twice requested extensions of time in which to respond to this Court's Proper Form Order. Both of Plaintiff's Motions for Extension of Time, ECF Nos. 9 and 14, were granted by docket text order, ECF Nos. 10 and 15.

On April 22, 2013, Plaintiff complied with this Court's Order by filing a Motion for Leave to Proceed *in forma pauperis*, ECF No. 17; proposed service documents; and a completed state prisoner complaint form, which was designated as the "proper form complaint," ECF No. 1-2, and attached to Plaintiff's original "Motion for Preliminary Injunction with Complaint" on the docket. The state prisoner complaint form, *i.e.* Plaintiff's "proper form complaint," filed on April 22, 2013, names five individual Defendants, *i.e.* Officer McDowell, Major Chavoila, A. Warden Cothran, Warden Knowlin, and Investigator Carter. *See* ECF No. 1-2, p. 1-2. Three of these five individual Defendants, *i.e.* Defendants McDowell, Chavoila, and Knowlin, are newly added Defendants, in addition to the two individual Defendants, *i.e.* Defendants Cothran and Carter, who were named in Plaintiff's original "Motion for Preliminary Injunction with Complaint." In his "proper form complaint," Plaintiff does not make any specific factual allegations concerning the institutional Defendants, *i.e.* TCI, ACI, and LCI. Plaintiff does not make any specific factual allegations that he is currently threatened with imminent injury, loss, or damage, nor does Plaintiff request any specific injunctive relief. Plaintiff alleges that he was assaulted by

4

eight or more inmates at TCI, on January 6, 2012, and that the five named individual Defendants acted with deliberate indifference to Plaintiff's serious injury and serious risk of further harm, on that date and thereafter.  Plaintiff adds new prayers for relief, in which he seeks monetary damages, *i.e.* "compensatory, punitive, and nominal" damages.  *See* ECF No. 1-2, p. 5.  Plaintiff submitted proposed summonses and Forms USM-285 for all the individual Defendants McDowell, Chavoila, Cothran, Knowlin, and Carter. *See* ECF No. 18.  Plaintiff did not submit proposed service documents for the institutional Defendants TCI, ACI, and LCI.  *Id.*  Plaintiff did not submit proposed service documents for Defendant Inmate Jasper Woods.  *Id.*

Plaintiff's "proper form complaint," ECF No. 1-2, was construed to constitute an amendment to Plaintiff's "Motion for Preliminary Injunction with Complaint," ECF No. 1, in that Plaintiff names additional Defendants and seeks additional relief.  Pursuant to Fed. R. Civ. P. 15, Plaintiff's Amended Complaint was filed within the time period in which a party may amend its pleading once as a matter of course.  *See* Fed. R. Civ. P. 15(a).  In order to preserve issues and to give liberal construction to the pleadings, the Clerk of Court has already attached Plaintiff's "Motion for Preliminary Injunction with Complaint," ECF No. 1, to Plaintiff's "proper form complaint," ECF No. 1-2 to form one docket entry.  By Order filed simultaneously with this Report and Recommendation, the Clerk of Court was directed to re-designate docket entry ECF No. 1 as Plaintiff's "Amended Complaint with Motion for Preliminary Injunction."  The Clerk of Court was also directed to ensure that the case caption on the docket matches the caption of this Order, so as to list all nine of the Defendants named in Plaintiff's Amended Complaint with Motion for Preliminary Injunction.

## DISCUSSION

As noted above, a claim for relief under § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

Plaintiff's Complaint, insofar as it names as Defendants TCI, ACI, and LCI, does not name "persons" subject to a § 1983 claim. TCI, ACI, and LCI are not proper Defendants upon whom the United States Marshals Service could effect service of process, and against whom relief could be granted by this Court. Additionally, Plaintiff makes no factual allegations whatsoever concerning these institutional Defendants in his Amended Complaint. Accordingly, TCI, ACI, and LCI should be dismissed as Defendants in this case and terminated on the docket.

As noted above, the purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 936-37; *see United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of*

*Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). Although many factors may be considered in determining whether state action is present, *Mentavlos v. Anderson*, 249 F.3d 301, 311-12 (4th Cir. 2001), no single factor is determinative, and the "totality of the circumstances" must be evaluated. *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000).

Plaintiff's Amended Complaint with Motion for Preliminary Injunction makes no allegation that Defendant Jasper Woods, who was a fellow inmate of Plaintiff's in TCI, acted under color of state law. Therefore, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court as to Defendant Woods, because the Complaint fails to allege that Defendant Jasper Woods acted "under color of state law," within the meaning of § 1983, when he injured Plaintiff.

With regard to Plaintiff's Motion for Preliminary Injunction, Fed. R. Civ. P. 65 provides that the court "may issue" a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). In other words, the court's authority to issue a preliminary injunction under this rule is discretionary. Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). Usually, preliminary injunctions "aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending." *Pashby v. Delia*, __ F.3d __, 2013 WL 791829, *7 (4th Cir. Mar. 5, 2013). On the other hand, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citing *Interstate Commerce Comm'n v.*

*Baltimore & Annapolis R. Co.*, 64 F.R.D. 337 (D. Md. 1974)).  Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.)*, 333 F.3d 517, 526 (4th Cir.2003), abrogated on other grounds by *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

A district court must apply a rigorous four-part test in determining whether to grant a preliminary injunction.  To qualify for such relief, the moving party must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The *Winter* standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits.  *Id.* at 22.  This standard compels the moving party to show that he is likely to prevail: Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation.  Compare *Real Truth About Obama v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 558 U.S. ___, 130 S. Ct. 2371 (2010), with *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977).  Second, the moving party must make a clear showing that he is likely to be irreparably harmed if preliminary relief is denied.  To meet this test, the party must show more than a mere possibility of harm.  *Winter*, 555 U.S. at 22.  Third, the moving party must show that the balance of equities tips in his favor.  *Id.* at 20.  Fourth,

the district court must consider whether grant or denial of the injunction is in the public interest. The court must give "particular regard" to the public consequences of granting a preliminary injunction. *Id.* at 9, 24; *Real Truth*, 575 F.3d at 347. The Fourth Circuit no longer recognizes a "flexible interplay" among these criteria. Instead, each requirement must be fulfilled as articulated. *Id.* (quoting *Blackwelder*, 550 F.2d at 196).

An analysis of the *Winter* factors reveals that Plaintiff's motion for preliminary injunction should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Amended Complaint. Second, Plaintiff does not make any specific factual allegations that he is currently threatened with imminent injury, loss, or damage. While Plaintiff alleges that he was assaulted by eight or more inmates at TCI on January 6, 2012, and that Defendants acted with deliberate indifference to Plaintiff's serious injury and risk of further harm on that date and thereafter, Plaintiff twice requested extensions of time in which to respond to this Court's Proper Form Order, thereby demonstrating no apparent exigencies. Plaintiff's Amended Complaint, filed almost three months after the Court's Proper Form Order was issued, does not actually request any specific injunctive relief. Instead, Plaintiff adds new prayers for relief in which he seeks monetary damages, only. Plaintiff also fails to show that the balance of equities tips in his favor. Finally, Plaintiff has not shown that a preliminary injunction is in the public interest. Accordingly, Plaintiff's motion for preliminary injunction should be denied.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Amended Complaint with Motion for Preliminary Injunction should be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Turbeville Correctional Institution, Allendale

Correctional Institution, Lee Correctional Institution, and Jasper Woods. Plaintiff's Motion for Preliminary Injunction should be denied. Plaintiff's Amended Complaint with Motion for Preliminary Injunction should be served only upon Defendants A. Warden Cothran, Investigator Carter, Officer McDowell, Major Chavoila, and Warden Knowlin. Plaintiff's attention is directed to the important notice on the next page.

May 3, 2013                                              s/Bruce Howe Hendricks
Charleston, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).